IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| In the Matter of the Detention of | No. 82420-1-I |
| W.C., | |
| Appellant. | UNPUBLISHED OPINION |

Per Curiam — W.C. appeals a 14-day involuntary commitment. W.C. contends, and respondent Cascade Behavioral Health (Cascade) concedes, that counsel rendered ineffective assistance by failing to seek dismissal of the petition for detention based on lack of compliance with a provision of the involuntary treatment act (ITA), RCW 71.05.154. We accept the concession. The designated crisis responder who recommended W.C.'s initial detention failed to comply with the statutory obligation to consult with or review the written observations and recommendations of the examining medical professional. W.C. suffered prejudice as a result. We reverse and remand.

Former RCW 71.05.153 (LAWS OF 2020, ch. 302, § 16) allows a "designated crisis responder" who receives "information alleging that a person, as the result of a mental disorder, presents an imminent likelihood of serious harm, or is in imminent danger because of being gravely disabled," to take that person, or arrange for the person to be taken, into emergency temporary custody for evaluation and treatment. In making this decision, if the person in question is located in an emergency room, RCW 71.05.154 requires the crisis responder to

Citations and pin cites are based on the Westlaw online version of the cited material.

consult with the examining medical professional, or if unavailable, to review the written observations and opinions of that professional:

> If a person subject to evaluation under RCW 71.05.150 or 71.05.153 is located in an emergency room at the time of evaluation, the designated crisis responder conducting the evaluation shall take serious consideration of observations and opinions by an examining emergency room physician, advanced registered nurse practitioner, or physician assistant in determining whether detention under this chapter is appropriate. The designated crisis responder must document his or her consultation with this professional, if the professional is available, or his or her review of the professional's written observations or opinions regarding whether detention of the person is appropriate.

In In re Detention of K.R., 195 Wn. App. 843, 847-48, 381 P.3d 158 (2016), Division Two of this court held that a violation of a former version of this statute amounted to a total disregard for the provisions of the ITA, warranting reversal of the commitment order.[1] See RCW 71.05.010(2) (courts must focus on the merits of a petition for involuntary commitment unless statutory requirements were "totally disregarded"). As Cascade concedes, the crisis responder here neither consulted with the examining medical professional nor documented her review of the medical professional's written observations and opinion as to the need for W.C.'s detention. And, because it is reasonably likely that the court would have dismissed the petition under the authority of K.R., had counsel raised this issue, W.C. has met his burden to establish that he was prejudiced by the deficient representation of counsel. See In re Det. of T.A.H.-L.,

---

[1] This court later disagreed with the K.R. court's determination that a violation of the former statute occurred when the detention did not arise from an emergency room visit and no physician was available for consultation. See In re Det. of C.A.C., 6 Wn. App. 2d 231, 235-36, 430 P.3d 276 (2018). This disagreement is now immaterial in light of subsequent amendments to the statute. Relevant to this case, we expressed no disagreement with the K.R. court's holding that a failure to comply with RCW 71.05.154 constitutes a complete disregard for the requirements of the ITA.

123 Wn. App. 172, 178-79, 97 P.3d 767 (2004) (respondent in a civil commitment proceeding has a statutory right to effective assistance of counsel and the <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), standard applies).

We reverse and remand to vacate the 14-day commitment order.

WE CONCUR: